RISNER, APPELLANT, *v.* STATE PERSONNEL BOARD OF REVIEW ET AL., APPELLEES.

(No. 77AP-763—Decided February 14, 1978.)

*Messrs. Teaford & Bernard, Mr. Jeffrey A. Rich* and *Ms. Erin F. Moriarty,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Joseph E. Scuro, Jr.,* for appellees.

WHITESIDE, J. Appellant John Risner appeals from a judgment of the Franklin County Court of Common Pleas affirming the decision of the State Personnel Board of Review, in turn affirming the action of the director of the Department of Highway Safety, in discharging appellant from his employment as a member of the State Highway Patrol. In support of his appeal, appellant raises five assignments of error, as follows:

"1. The trial court erred in its decision in that it failed to follow the requirements of Section 119.12, Revis-

ed Code, authorizing the Common Pleas Court, under an appeal from an order of an agency, to affirm that order only if it finds the order is both supported by a reliable, probative and substantial evidence and is in accordance with law.

"2. The trial court erred in affirming the decision because the order of the Personnel Board of Review is not supported by reliable, probative and substantial evidence and is not in accordance with law.

"3. The decisions of the Personnel Board of Review and the Common Pleas Court violate appellant's First Amendment United States Constitutional rights to privacy and freedom of association.

"4. The decision is not supported by the manifest weight of the evidence.

"5. The decision is contrary to law."

By action of the director of the Department of Highway Safety, appellant was removed from his position of highway patrolman effective April 7, 1976, having been found guilty of improper conduct in that he:

"(1) Did associate with a woman while off duty that was not of the quality acceptable by good social standards that assures the member of exemplifying stability, fidelity and morality, (2) Did make verbal false statements to his commanding officer in regards to his conduct while on and off duty, (3) Failed to obey a direct verbal order given to him by his commanding officer, (4) Did fail to conduct himself in a manner that is in the highest standards being of gentlemanly behavior at all times, particularly while being recognized as an Ohio State Highway Patrolman."

Appellant appealed to the State Personnel Board of Review, and the matter was referred to a hearing examiner who conducted a hearing, at which the parties stipulated certain evidence and stipulated the testimony of certain witnesses. The hearing officer concluded in his findings of fact that there was insufficient evidence to support any of the findings of the director of the Department of Highway Safety other than the charge with respect to

appellant's association with a woman while off duty. As to that charge, the hearing officer made the following findings of fact:

"4. With respect to the aforementioned Rules and Regulations, appellant's removal concerned his association with Linda Easter, who, at the time was married to Terry Easter.

"5. During his period of employment, appellant was married to Linda Sue Risner.

"6. Appellant did, in fact, become involved with Linda Easter beyond a platonic level, between the date of their first encounter and the date of his removal. * * *"

However, as a conclusion of law, the hearing officer recommended a finding that:

"3. There is evidence that appellant did associate with a woman while off duty in a manner not acceptable by good social standards that assure the member of exemplifying stability, fidelity and morality. However, appellant's conduct was not blatant and furthermore mitigated by the fact of separation, legal divorce shortly thereafter, and marriage with Linda Easter Risner. * * *"

The hearing officer, therefore, recommended that the order of removal be modified to a 30-day suspension.

The appointing authority filed objections to the report of the hearing officer, contending that all charges were justified and that appellant should be removed from his position. Appellant indicated to the Personnel Board of Review that, although he felt the suspension was harsh, he was willing to accept the recommendation of the hearing officer. The State Personnel Board of Review, referring only to the hearing officer's conclusion of law set forth above as a finding, modified the finding of the hearing officer from a 30-day suspension to a removal, apparently accepting the finding of the hearing officer that the only charge against appellant having any merit was that "appellant did associate with a woman while off duty in a manner not acceptable by good social standards that assure the member of exemplifying stability, fidelity and morality."

Accordingly, the only issue presented is whether or not appellant violated Section 3b, Article II, of the Rules and Regulations of the State Highway Patrol, which provides that:

"Associations with women while off duty shall be of the quality acceptable by good social standards that assure the member of exemplifying stability, fidelity and morality."

The issues in this case concern appellant Risner's association with the former Linda Easter, to whom he was married on December 30, 1976. Appellant first met Linda Easter in December 1975, when he was a patient at Portsmouth Mercy Hospital where she was employed as a nurse. Apparently, shortly thereafter, Linda Easter was involved in an automobile accident, which appellant investigated. In the course of that investigation, appellant went to the trailer home of Linda Easter at approximately 6:30 p. m., December 12, 1975, and both she and her then husband were present. The testimony of Linda Easter's former husband was to the effect that, during the investigation, appellant referred to Linda as "Sis," and that, during the investigation:

"Linda then got up and went to the bedroom. She was back there for some time and then came walking out to the living room in a very revealing night gown and she was braless. Linda then sat down next to John Risner and started acting, in my opinion, friendly towards him.

"John Risner then asked more routine questions such as address and make of our car. During this time he kept calling Linda 'Sis' and he kept asking me the routine questions.

"Again I couldn't understand why he kept calling Linda 'Sis' and why these routine questions were not answered when he made the initial accident investigation.

"John Risner was there for the total time of approximately one hour. Upon leaving Linda said 'Here let me open the door for you' and she did."

The stipulated testimony of appellant's former wife indicates that, about February 9, 1976, she told appellant

she was fed up with him and for him to leave, and he did so and moved in with his parents. She stated that:

"For about three weeks in February he would stop in every day and shave. I told him 'to heck with that' and he stopped stopping by to shave. On one occasion while he was shaving I saw big sucker marks on his neck. On other occasions I saw John at his mother's with more sucker marks on his neck. On one occasion I asked him who gave him the sucker marks and he said he picked up some woman in a bar."

Appellant's former wife further indicated that, on March 20, 1976, she saw appellant drive by with a woman in the car with him, whom she recognized as Linda Easter. She further stated that, on April 4, 1976, she went to the home of appellant's sister because someone told her that appellant was there with a woman and that:

"* * * I immediately went over to Patty's house and right in the front door and up the steps towards the bedrooms.

"John was standing in the hallway at the top of the stairs. I saw Linda Easter in the bedroom laying on the bed. John said to me, 'Well you didn't catch us in bed.' There was nobody else in the bedroom but the three of us."

She further indicated that she noticed that the appellant "was in his sock feet," and that the next day appellant came to her house with Linda Easter, but she told them to leave, but that, while they were there, on one occasion, John put his arm around Linda Easter. The stipulated testimony of a sergeant for the Scioto County Sheriff's Department indicates that, "sometime around January, 1976," at approximately 1 or 2 a. m., he observed two cars parked alongside the railroad tracks at Gingersnap Road. He investigated and found no one in the one car. He then states:

"I then checked the other car. There was a woman setting on the driver's side. I asked her if everything was O. K. and she said 'yes.' I then bent down and shined my light in the car and saw Patrolman Risner who was in

uniform setting on the passenger side. There was nobody else in the car. I asked him how everything was going and he said 'O. K.' and that he was talking to the woman and she was supposed to be getting some information for him. I then got back in my cruiser and left.''

The stipulated testimony further indicates that appellant helped Linda Easter move the morning of March 30, 1976, from her home to stay with friends in a house trailer. The stipulated testimony of the operator of the house trailer park indicates that he saw appellant in the house trailer with Linda Easter at approximately 7:30 p. m., March 31, 1976, when no one else was home. He also indicated that he saw appellant come and go from the trailer on several occasions and had seen him go with Linda Easter.

It was further stipulated that both appellant and Linda Easter declined to testify as to whether or not they had had sexual relations. It was further stipulated that, on March 12, 1976, appellant filed an action for divorce from his former wife and, on July 6, 1976, was granted a divorce from her on the grounds of gross neglect of duty on her part. It was similarly stipulated that, on March 23, 1976, Linda Easter's former husband filed an action for divorce from her and was granted a divorce on October 14, 1976, on the grounds of gross neglect of duty on her part.

The second assignment of error raises the basic issue of whether or not the decision of the Personnel Board of Review is supported by reliable, probative, and substantial evidence and is in accordance with law. Clearly, the hearing officer's finding of fact No. 6, that appellant became involved with Linda Easter beyond a platonic level, is supported by the evidence. That finding, however, is not sufficient in and of itself to support a finding of a violation of Article II, Section 3b of the Rules and Regulations of the State Highway Patrol, as set forth above. The basic issue is whether there is reliable, probative, and substantial evidence supporting a finding, which the hearing officer made as a conclusion of law, and which the Board

of Review adopted, that appellant associated with Linda Easter while off duty in a manner not acceptable by good social standards that assure appellant of exemplifying stability, fidelity, and morality. We find the evidence in the record insufficient for that purpose.

The findings of the Board of Review are not supported by reliable, probative, and substantial evidence. In short, the evidence dues not permit a finding that appellant violated the regulation in question. Appellee argues that the regulation requires a member of the patrol to adhere to standards of a higher nature than those required of the general public. However, that is not what the regulation requires. Rather, the regulation specifically requires that "associations with women while off duty shall be of the quality acceptable by good social standards," which clearly are the standards of the general public, not some higher standard. The regulation clarifies good social standards as being those "that assure the member of exemplifying stability, fidelity, and morality." Again, standards of stability, fidelity, and morality are those of the general public, and the rule in no way attempts to define some higher standard. Furthermore, R. C. 124.34 provides for the removal of public employees for immoral conduct, which again is a standard of the general public, not some higher standard.

Both the statute and the administrative regulation in question were found constitutional by *In re Chase* (1976), 50 Ohio App. 2d 393. That case involved the conduct of a highway patrolman of a more flagrant nature than herein, involving conduct at a party at a motel restaurant and in an apartment of a motel waitress afterwards. In the course of the opinion, Judge Stephenson stated at page 398:

"We agree with appellant's argument that the conduct sought to be regulated must relate to his employment. That nexus is apparent here where the officer was known at the restaruant and bar to be a highway patrolman by the waitress and by inference, at least, with the other women with whom he associated. * * *"

The facts in this case are readily distinguishable from those in *Chase.*

Although it is questionable whether some of appellant's conduct was of the quality acceptable by good social standards, there is no basis for finding the necessary relationship to his employment in accordance with *Chase.* Some of the evidence (such as the December 1975, incident) related to conduct of Linda Easter, rather than appellant. Although we may not approve of appellant's conduct (such as discreetly dating after his wife left him but before his divorce was granted and discovered only by investigation), such conduct does not constitute a violation of the regulation, nor justify removal from his position.

Accordingly, the decision of the State Personnel Board of Review is contrary to law in that the evidence does not demonstrate a violation of the regulation, and, accordingly, the finding that appellant violated the regulation is not supported by reliable, probative, and substantial evidence. The second assignment of error is well taken.

Similarly, the first assignment of error is well taken. The Common Pleas Court is required to consider the issue of whether the decision appealed from is in accordance with law, as well as the issue of whether it is supported by reliable, probative, and substantial evidence. Ordinarily, no prejudicial error will occur on appeal, inasmuch as this court can determine whether or not the decision is in accordance with law, and would not reverse a judgment merely because the Common Pleas Court failed to consider the issue where the record clearly indicates the decision to be in accordance with law and to be supported by reliable, probative, and substantial evidence. That is not the case in this instance as indicated in connection with the second assignment of error.

By the third assignment of error, appellant contends that the decision of the Personnel Board of Review violates his constitutional rights to privacy and freedom of association. This contention is not well taken. If the regulation in question were broader in its proscriptions than

it is, such an issue might arise as to the constitutionality of the regulation. In this case, however, the Personnel Board of Review erroneously found appellant's conduct to violate the regulation, and that decision was erroneously affirmed by the Common Pleas Court. No constitutional issue is present as to those decisions, the issue being whether or not the decision of the Personnel Board of Review is supported by reliable, probative, and substantial evidence and is in accordance with law. Since the evidence does not demonstrate a violation by appellant of the regulation in question, no constitutional issue arises. The third assignment of error is not well taken.

By the fourth assignment of error, appellant contends that the decision is not supported by the manifest weight of the evidence. This is not the test to be applied upon appeal; rather, the issue is whether the decision is supported by reliable, probative, and substantial evidence. Therefore, the fourth assignment of error is not well taken.

For the reasons set forth above, the fifth assignment of error, contending that the decision is contrary to law, is well taken.

For the foregoing reasons, the first, second, and fifth assignments of error are sustained, and the third and fourth assignments of error are overruled; the judgment of the Franklin County Court of Common Pleas is reversed; and, entering the judgment that that court should have entered, the decision of the State Personnel Board of Review, affirming the appointing authority's order of removal of appellant, is reversed, and appellant is ordered reinstated to his position.

*Judgment reversed.*

STRAUSBAUGH and McCORMAC, JJ., concur.